## WINN *v.* SANBORN.

Under Laws 1897, Chap. 55, declaring that no appeal shall be taken from any judgment when the amount recovered is $75 or less, and Comp.

Laws, § 5189, declaring that the clerk shall tax the costs as a part of the judgment, the costs constitute part of the judgment in determining the amount in controversy.

(Opinion filed Nov. 26, 1897.)

Appeal from circuit court, Brule county.   Hon. FRANK B. SMITH, Judge.

Action by J. J. Winn against J. S. Sanborn.   There was judgment for plaintiff, and defendant appealed.   Plaintiff moves to dismiss the appeal on the ground that the amount in controversy is insufficient.   Motion denied.

*S. H. Wright,* for appellant.

*James Brown,* for respondent.

CORSON, P. J.   The respondent moves the court to dismiss the appeal in this case upon the ground that, the judgment being for less than $75, no appeal lies to this court.   The action was to recover $64.44 and interest from November 1, 1896.   The case was tried by a jury and a verdict rendered for $67.26, and judgment was thereupon entered for said sum and costs, amounting to the sum of $142.87.   The motion therefore raises the question as to whether a judgment for the purposes of an appeal, under the provisions of Chapter 55, Laws 1897, is the amount exclusive of the costs or the amount including costs.   It will be observed that the language of the second section is, "No appeal shall be allowed to be taken from any judgment * * * where the amount recovered shall be seventy-five dollars ($75) or less."   The third section contains a similar provision as to the finality of judgments.   Section 5189, Comp. St,, provides that the clerk must tax, as a part of the judgment, the costs.   It would seem, therefore, that under our statute the costs constitute a part of the judgment, and hence that a judgment, including costs, in excess of $75, in the class of cases specified in the act, is appealable.   It follows that, as the judgment in this case, including the costs, exceeds $75, this court has jurisdiction of the appeal.   The motion to dismiss the appeal is therefore denied.