## SOUTH DAKOTA CENTRAL RAILWAY CO. v. SMITH

As a note or other contract imports a consideration as provided by statute, the same as a sealed instrument at common law, the burden of proof is on the party asserting want of consideration.

Parol evidence of the circumstances surrounding the signing of a note sued on is admissible in support of the plea of want of consideration.

Where an instruction purporting to state the rights of the parties was not excepted to, it would be regarded as the law of the case on appeal.

Where a note in aid of railway was based in part on the consideration, and specially induced by the promise of the railroad's president, that the road would be located on the extreme west line of defendant's section, so as not to cut his land in two, and the road as constructed was between 30 and 40 rods east of such section line, there was a sufficient failure of consideration to relieve defendant from liability on the note.

(Opinion filed, June 24, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the South Dakota Central Railway Company against O. H. Smith. Judgment for defendant, and plaintiff appeals. Affirmed.

S. H. Wright, for appellant. G. R. Krause, for respondent.

FULLER, J. Failure of consideration was the defense to this action on respondent's non-negotiable promissory note for

$500 executed to appellant in aid of the construction of its railway.
It appears from the oral testimony and the right of way contract
signed by respondent that P. F. Sherman, president of the railway
company, proposed to construct and operate his line as located
"over, through and across the extreme west side of section twenty-
three (23), township one hundred and five (105), range fifty-one
(51), provided respondent, the owner of such section, and other
interested landowners in that vicinity, would contribute $6,000 to
the enterprise. While the printed and typewritten paper containing
the names of 18 persons subscribing various amounts which aggre-
gate $6,000 provides that "said line may be varied one-half mile
either to the east or west of the above-described line," respondent
who was apparently the last signer, made an entry on the face of
the instrument, in connection with his subscription and in his own
handwriting as follows: "Right of way on west line of section 23-
105-51 if station is located on section 23, or on south ½ of section
14-105-51. O. H. Smith......$500." This subscription paper was
signed in March, 1905, while the right of way contract and promis-
sory note in suit were executed on the 8th day of April of that year
at a meeting called for the purpose of soliciting the amount of money
required to secure the building of the line by Mr. Sherman, ac-
cording to the survey previously made along the section line, and,
concerning what took place after $4,000 of the required amount
had been subscribed, respondent testified as follows: "I made the
proposition to Mr. Sherman that, if he would run the line on the
extreme west side of my section, I would give him the right of
way and $500. To this he said: 'That will be satisfactory.' I do
not remember whether he or some of his friends handed me the
contract which I filled out in accordance with my proposition—I
mean the contract for a right of way; the same being Exhibit 1
shown me is the contract I signed. I made the changes in the con-
tract that are written in pencil. The printed and typewritten parts
were there before, but I put in the balance and then signed it. I
guess I signed both the contract and the note about the same time,
that same afternoon at the meeting. (Q.) Did you ever receive
any other consideration of any kind for the execution of this note
than what you have already stated? (A.) The consideration of

that note was that he should build his railroad right on the west line of my section and the location of the town on the southwest quarter of section 14 in the same township. That was the consideration for which I gave my note. (Q.) And what you have stated now is the only consideration you ever received for this note? (A.) Yes, sir. The South Dakota Central Railroad afterwards built up through there. Instead of building on the extreme west of my section, they went into the section 30 or 40 rods from the west side and through from north and south one mile and cut it in two."

The objection of counsel was to the effect that the questions relative to the consideration for the note called for the conclusion of the witness and were incompetent, irrelevant and immaterial. As a promissory note or other contract in writing imports a consideration under the statute, the same as a sealed instrument at common law, the burden of proof is on the party asserting a want of consideration, and such issue may be proven by parol evidence of the particular circumstances inducing its execution, and without violating any principle of law or known rule of evidence the signer may state as a fact that there was no other consideration. Relative to the conditions under which the note was executed, and consistent with the contemporaneous written instruments properly introduced in evidence, Mr. E. J. Elliott thus testified as to what Mr. Sherman said at the meeting: "He made the statement at the meeting, at the schoolhouse. He said the road would follow the section line from Colton eight miles north, and would run along the west line of section 23, Smith's land. That is all the description he made of the road where it would run; but his proposition was that if we would raise $6,000 there that afternoon, and secure the right of way through the township, he would close the deal and build the road as stated, and along the west line of those sections. I was chairman of the meeting that night." This witness was fully corroborated by Mr. Pabst, who was present at the meeting, and also by Mr. Baldwin, who stated, in substance, that Mr. Sherman publicly promised the people there assembled to build his road on the respondent's section line as already surveyed through that township, if they would contribute $6,000, and that "Mr. Smith told

them that he would give them the right of way and $500, if they would put the road through there and locate the town on section 14; that is, on the section line where the survey was. And Mr. Sherman accepted the proposition and said that he would put the road there. That is what he told Mr. Smith. He told them that if they would raise the money he would put the road through there as the survey was on the section line. Mr. Smith signed the note at that meeting, also the contract, signed them both at the same time, which was after the proposition was accepted. The road was afterwards built and ran some 30 or 40 rods east of the west line."

Conformable to the theory of the trial and at the conclusion of all the evidence, the court gave the jury the following instruction, to which no exception was taken: "It appears from the testimony, undisputed, that the road was built substantially upon the line mentioned, except that upon Mr. Smith's land it was not built on the extreme west line of his land, but was built further east some 30 or 40 rods, the distance not being accurately stated, of the extreme west line of his land; that a station was located upon section 14. Therefore you will observe that in so far as the consideration involving the building of the road and the location of the station it was complied with, and no question is raised by Mr. Smith in that regard. But he claims that the essential part of the consideration, and on account of which he made this note, was that the road should be constructed along the extreme west line of his land next to the highway, so as not to cut his land in two, and they did not do that. If he is correct in his contention that this note was made in view of an agreement on the part of Mr. Sherman to build the road along the extreme west line. and if that was a part of the consideration of the note, and a special inducement to Mr. Smith to make the note, then, the road not having been built there, the consideration of the note fails, and your verdict should be for the defendant." Now this instruction must be considered as the law of the case, and the assignment of error based thereon disregarded for the reason that no exception was taken at the trial, and such is the settled practice of this court. Kennedy v. Falde, 4 Dak. 319, 29 N. W. 667; Uhe v. Chicago,

M. & St. P. Ry. Co., 4 S. D. 505, 57 N. W. 484; Winn v. San-
born, 10·S. D. 462, 73 N. W. 96; Wheaton v. Liverool & London
& Globe Ins. Co., 20 S. D. 62, 104 N. W. 850. The evidence con-
sidered under the foregoing instruction justified the jury in finding
that appellant did not perform its obligation, and that respondent's
promissory note was without consideration.

The judgment appealed from is affirmed.