STATE, Respondent, v. LARSON, Appellant.

(172 N. W. 114).

(File No. 4486.   Opinion filed April 18, 1919.   Rehearing denied June 3, 1919.)

1.  Criminal Law—Larceny—Unexplained Possession—Alibi, Defendant Sick, Conflicting Evidence, Sufficiency.

   Where defendant, charged with grand larceny, pleaded an alibi; his possession of the stolen livestock being entirely unexplained, and the evidence warranting jury in concluding that he and his witnesses had sworn falsely concerning his being confined to his house by sickness at the time in question, certain state's evidence being that he was out on the road at times during the period when the larceny occurred, jury was warranted in rendering verdict of guilty.

2.  Appeal—Error—Instruction Re Effect of Possession—No Specification, Effect.

   An assignment of error in giving an instruction, which assignment fails to specify wherein the instruction was claimed to be erroneous, is futile, presenting nothing for consideration upon appeal; especially in that the exception to the instruction failed to specify grounds thereof.

3.  Criminal Law—Larceny—Possession as Evidentiary Fact, Non-presumption of Guilt, Instruction Re.

   Possession of property by defendant, soon after commission of alleged larceny, is merely an evidentiary fact tending to establish guilt, and to be considered in connection with other facts and circumstances disclosed by evidence; it does not raise presumption of law that defendant committed the larceny, although unexplained exclusive possession of stolen goods shortly after commission of larceny may and often will be sufficient evidence to justify jury in finding possessor guilty; but trial court should not instruct that it does raise such inference, since determination of the inference to be drawn is for jury.

4.  Larceny—Refused Instruction Re Effect of Possession—Other Instructions Covering, Harmless Error.

   Where, in a prosecution for larceny, trial court refused an instruction correctly stating the law concerning effect of proof of possession of recently stolen property being a matter resting upon all facts and circumstances shown in evidence, etc., such refusal is non-prejudicial, the clear purport of the instruction given upon that phase of the case being the same as that of the requested instruction.

Appeal from Circuit Court, Mellette County.   HON. WILLIAM WILLIAMSON, Judge.

The defendant, Harry Larson, was convicted of the crime of grand larceny, and he appeals.   Affirmed.

C. E. Kell, and J. L. Hannett, for Appellant.

Byron S. Payne, Attorney General, for Respondent.

(3) To point three of the opinion, Appellant cited:

State v. Mern, 164, N. W. 76 (S. D.)

Respondent cited:

State v. Kirkpatrick, 34 N. W. 301; Kurpgeweit v. State (Neb.) 151 N. W. 172.

WHITING, J.   Defendant was convicted of the crime of grand larceny; and he has appealed to this court.   The only questions before us pertain to an instruction given, to two instructions refused, and to the sufficiency of evidence to support the verdict.

The evidence tended to prove that some of the stolen property was found in appellant's possession.   The complaining witness identified the property found, and the defense made no attempt to dispute the fact that the property belonged to the complaining witness or the fact that it had been stolen by some one.   The theft occurred some time between December 14, 1916, and January 2, 1917.   There was no evidence on the part of the defense, except evidence tending to show that from December 23d until January 2d appellant was sick and at home all the time.   In rebuttal of such evidence there was testimony to the effect that appellant passed a neighbor's place on December 23d, that he was out on the road on December 31st, and that he did not appear to be sick on January 1st.

[1] With the possession of the stolen property entirely unexplained, and the evidence such as to warrant the jury in concluding that appellant and his witnesses had sworn falsely in relation to his being confined to his house by sickness, the jury were clearly warranted in rendering a verdict of guilty.

Appellant assigns as error the giving of the following instructions:

"If from the evidence you should be convinced, beyond a reasonable doubt that the property in question was stolen, and that the defendant soon after its theft was in possession of it, that is a circumstance to be taken into consideration by you in making up your verdict, and unless such possession is satisfactorily ex-

plained either by the defendant or by the facts and circumstances brought out upon the trial, it is sufficient upon which to base a conviction, provided upon the whole case you are satisfied beyond a reasonable doubt, of the defendant's guilt. If, upon the other hand, you believe that the possession of the defendant, under the circumstances shown by the evidence, is as consistent with his innocence as with his guilt, it is your duty to acquit him."

[2] No specification of error presented to the trial court in any manner pointed out wherein such instruction was claimed to be erroneous. Such a record presents nothing for our consideration, even if the assignment in this court had specified wherein such instruction was erroneous. We cannot know whether the matters now urged were ever presented to the trial court. Especially is this true where, as in this case, the exception to the instruction followed the usual practice and did not specify the grounds thereof.

Appellant assigns as error the trial court's refusal to give two instructions asked for. They both pertain to the probative force, as evidence of larceny, of the unexplained possession of property recently stolen.

[3] The purport of one of such requested instructions is that such unexplained possession "is not of itself sufficient to justify a conviction." We think that the law is very clearly and correctly stated in 17 R. C. L. 71:

"The true rule is, without doubt, that the possession of the property by the defendant soon after the commission of the alleged crime is merely an evidentiary fact tending to establish guilt which should be submitted to the jury, to be considered in connection with all the other facts and circumstances disclosed by the evidence. It does not in any case raise a presumption of law that the defendant committed the alleged larceny, although the unexplained exclusive possession of stolen goods shortly after the commission of a larceny may, and often will, be sufficient evidence to justify a jury in finding the possessor guilty. But the trial court should not instruct the jury that it does raise such an inference, as the determination of the inference to be drawn from the evidence is strictly a matter for the jury."

The law is also tersely stated in State v. Mandich, 24 Nev. 340, 54 Pac. 517:

"The strength of the presumption which it [possession of recently stolen property] raises against the accused depends upon all the circumstances surrounding the case, and is for the jury to determine."

See, also, extensive notes 101 Am. St. Rep. pp. 481-524.

The court did not err in refusing the instruction.

[4] The other instruction refused correctly stated the law applicable to the evidence received; its purport being that proof of possession of recently stolen property is to be considered "in connection with all of the other facts and circumstances as shown by the evidence," and that then, if the jury find "beyond a reasonable doubt, from all the evidence in the case, that the defendant stole the property," the jury "would be justified in finding him guilty of stealing said property." We deem that the clear purport of the instruction given is the same as that of the instruction requested. This is all that the defendant could demand.

The judgment and order denying a new trial are affirmed.