**Dale Glennon WILSON and Joseph Richard Van Bevers, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 25015.

United States Court of Appeals
Fifth Circuit.

July 16, 1968.

Rehearing Denied Aug. 7, 1968.

---

1. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.

**332**

———————

Richard E. Korem, Atlanta, Ga., for appellants.

F. D. Hand, Jr., Robert L. Smith, Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

PER CURIAM:

Appellants having been found guilty by a jury of violation of 18 U.S.C. § 1201 (interstate transportation of a person unlawfully seized), commonly called a "kidnapping statute", have filed their appeal. The four specifications of errors made are these:

(1) That the trial court erred in determining that certain admissions made by appellants were admissible in evidence.

(2) That the trial court erred in determining that such admissions were admissible when appellants did not knowingly waive their constitutional rights

(3) That the court erred in admitting the same because they were "made as a result of physical mistreatment and deprivation and threat of mistreatment," and

(4) The court erred in admitting the same "when made as a result of direct or implied promises."

The trial judge out of the hearing of the jury made a plenary investigation as to the prima facie admissibility of said admissions and ruled that they might go to the jury, with appropriate instructions, which were given by the court. No error is assigned upon the instructions given by the court.

■ In addition to the four specifications of error above named appellants' counsel contends that the conviction of each appellant was in violation of the Sixth Amendment because "defense counsel failed to make a voir dire examination of the panels of jurors." That contention is easily disposed of as the record before the trial court and this court shows that the counsel appointed by the court to represent appellants performed his duties with zeal and ability, and received the commendation of the trial judge and of this court upon his efforts.

There is much testimony in the record regarding the alleged oral admissions made by appellants to agents of the Federal Bureau of Investigation. The testimony given by appellants, by two of the agents, and by personnel employed at the jail is quite extensive. Several facts in the record taken out of context and without any explanation would give support to the contentions of appellants that they were subjected to rather harsh

treatment, but when the facts and circumstances are viewed in their entirety, it will be seen that there existed a clear-cut issue of fact between appellants on the one hand and the Federal Bureau of Investigation agents and the jail personnel on the other hand.

The testimony in behalf of the Government (which was necessarily accepted by the jury in making its verdict) would disclose the following facts: Appellants were arrested on Friday, April 7, 1967 and on the following morning carried before a United States Commissioner. They were given complete explanation of their constitutional rights as provided by Miranda v. State of Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and counsel was appointed in their behalf. On that day they declined to make any statement in the way of admissions. That they were given warnings under the *Miranda* case is shown by their execution on one or more occasions of a form presented to them by the Federal Bureau of Investigation agents, shown by U. S. Exhibit 9. The agents testified the contents of these documents were fully explained to appellants and voluntarily signed by them.

It appears without dispute that appellants made oral admissions to agents of the Federal Bureau of Investigation out of the presence of appellants' counsel, the agents knowing that counsel had been appointed for appellants. That fact alone will not in our opinion render inadmissible the admissions made, as held in the case of Coughlan v. United States, 391 F.2d 371 (9th Cir. 1968). However, this Court agrees with the dissenting opinion as to the impropriety of Government interrogation of a person in custody pending trial, in the absence of counsel which the interrogator knew had been appointed to represent the defendant. Under the facts and circumstances of this case we find no reversible error. The waiver of the presence of counsel by appellants was clear.

The trial judge out of the presence of the jury had a plenary hearing and found the evidence sufficient to show that the admissions in question were freely and voluntarily given, with the full knowledge of their rights by appellants. The issue as to voluntariness of the admissions was fully and fairly submitted by the Court to the jury, and the jury found the appellants guilty. All of this procedure was had in accordance with the principles of law as laid down in the case of Jackson v. Denno, 378 U. S. 368, 12 L.Ed.2d 908, 84 S.Ct. 1774, June 22, 1964.

The evidence amply supports the verdict of the jury and no error of law appears.

Affirmed.

## ON PETITION FOR REHEARING

The matters complained of in the petition for rehearing have already been carefully considered by the court. Motion for rehearing is

Denied.