STATE, Respondent v. ROBINSON, Appellant

(209 N.W.2d 374)

(File No. 11059. Opinion filed July 12, 1973)

Gordon Mydland, Atty. Gen., Michael J. McGreevy, Asst. Atty. Gen., Pierre, for plaintiff and respondent.

Charles E. Carrell, Rapid City, for defendant and appellant.

DOYLE, Justice.

Robinson, the defendant and appellant herein, was convicted of third degree burglary and given a sentence of three years in the state penitentiary, from which conviction and sentence he appeals.

The defendant was arrested by the son of the owner of the Town 'N Country Motel in Rapid City after the burglar alarm in his office indicated that one of the motel units had been broken into. The son blocked the driveway with his car preventing the

white Mustang—driven by Robinson with a companion passenger —from leaving the premises. Robinson initially ran away, but then returned and attempted to bribe the son not to call the police.

Officer Del Grosso, the first policeman on the scene, read the Miranda warning to the defendant; Robinson said that he did not wish to talk to him. Officer Del Grosso did not question him further, but took him to the police station where a second police officer, Detective Scherr, read Robinson and his companion the Miranda warning again in the presence of Officer Del Grosso. Following this, Robinson indicated that he was willing to make a statement to Detective Scherr. This statement amounted to a full voluntary admission of guilt by Robinson. The defendant was brought to trial and convicted by a jury. Prior to sentencing, the defendant consented to a presentence investigation. At the time of sentencing the judge had the report in hand, and upon motion of Robinson's counsel, summarized the report in open court. The judge then gave Robinson an opportunity to rebut the adverse information by means of witnesses presented in court. After these proceedings the judge imposed the sentence indicated above. In this appeal Robinson claims error was committed in two respects.

The first claimed error concerns the Miranda warning. The defendant claims the trial court prejudicially erred in permitting Officer Del Grosso and Detective Scherr to testify as to statements obtained by them from defendant in custodial interrogation conducted in the office of Detective Scherr within fifteen minutes after defendant had stated to one of the officers that he did not wish to make any statements.

When Officer Del Grosso arrived at the motel he informed the defendant of his constitutional rights to remain silent and to have a counsel in accordance with the mandate of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The defendant indicated he did not wish to talk to the officer and no further questions were asked. The officer took the defendant to the police station and there Detective Scherr again told the defendant what his rights were and asked him if he understood those rights. The defendant indicated he understood

his rights and was now willing to talk to Detective Scherr. At this point the defendant gave his confession which is now objected to as being contrary to his constitutional rights as stated in Miranda v. State of Arizona, supra. The defendant relies principally on two cases. People v. Fioritto, 1968, 68 Cal.2d 714, 68 Cal.Rptr. 817, 441 P.2d 625, and State v. Godfrey, 1968, 182 Neb. 451, 155 N.W.2d 438, cert. den. 392 U.S. 937, 88 S.Ct. 2309, 20 L.Ed.2d 1396.

The court in Fioritto took the position that once a defendant has declined to answer questions, regardless of subsequent events, he may not be questioned until counsel is appointed and he must voluntarily initiate any further statement in order for the statement to be admissible. Many courts have found Fioritto to be of no effect and against the great weight of the authority. In the majority of jurisdictions the determination as to whether an in-custody defendant has waived his Miranda rights depends in each case upon a careful analysis of the facts and circumstances of the case. McIntyre v. State of New York, 1971, D.C.N.Y., 329 F.Supp. 9; United States v. Anderson, 1968, 2 Cir., 394 F.2d 743; United States v. Brady, 1970, 2 Cir., 421 F.2d 681; United States v. Grady, 1970, 5 Cir., 423 F.2d 1091; Wilson v. United States, 1968, 5 Cir., 398 F.2d 331, cert. den. 1969, 393 U.S. 1069, 89 S.Ct. 727, 21 L.Ed.2d 712; Jennings v. United States, 1968, 5 Cir., 391 F.2d 512.

The defendant also relies on State v. Godfrey, supra. This is a leading case for a more liberal application of the Miranda rule. In this case the court approved a second questioning of the defendant. When first arrested the defendant declined to talk, but when questioned again six hours later the defendant confessed. The Nebraska court held such confession was admissible. The defendant in the present case relies on the following quotation from Godfrey:

> "We recognize that the police cannot be permitted to attempt an in-custody interrogation and, upon being met with a refusal, return a prisoner to his cell and then attempt to repeat the procedure periodically until a statement is obtained."

The defendant fails however to quote the rest of that paragraph which reads as follows:

> "However, an otherwise valid voluntary waiver of both the right to counsel and the right to remain silent, knowingly and intelligently made, followed by a statement, should not be transformed into invalidity merely because of silence at some prior time. One refusal to make a statement, when that refusal is fully honored, ought not to taint the substance of the entire subsequent procedures under the circumstances here."

When this statement is taken in its entirety it applies to the present case and the second questioning by Detective Scherr after the defendant waived his rights is valid and the statement made by the defendant is admissible. There was no repeated interrogation of the defendant as referred to in the first sentence of the above quote.

The defendant also cites State v. Bishop, 1968, 272 N.C. 283, 158 S.E.2d 511, as a case which condemns the practice of continued, incessant harassment by interrogation. The court in this case stated:

> "We do not interpret the portion of the Miranda opinion now under consideration to mean that when a defendant is 'in custody' and has been duly advised of his constitutional rights, and he states that he does not want to make a statement at the first questioning, that law enforcement officers are forever barred from asking another question. We do interpret it to mean that when a defendant is being interrogated and he indicates that he wishes to remain silent, that interrogation must not then be continued. The vice sought to be removed is the evil of continued, incessant harassment by interrogation which results in breaking the will of the suspect, thereby making his statement involuntary."

The evidence in the present case does not disclose that the defendant was under continued, incessant harassment by the officers. In the Miranda case itself it is stated:

"After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement."

In this case, obedient to Miranda, there was no questioning of defendant regarding the burglary prior to his waiving of his rights. Nowhere in Miranda do we find a prohibition against an inquiry by the police if a suspect desires to speak following a full waiving as to his constitutional rights. When, as here, such a waiver is voluntarily given, the subsequent statements, according to Miranda, itself, are admissible.

A case very much in point is State v. Kroupa, 1972, 16 Ariz.App. 254, 492 P.2d 750. There the defendant was apprehended by police in the act of burglary. Upon being placed in the back of a police car, Officer Jennings of the Tucson police warned the defendant of his "Miranda rights". Upon being asked if he wished to say anything, the defendant indicated he did not. After Officer Jennings started to speak with the defendant in the rear of the auto, another officer, Officer Walsh, appeared. Officer Walsh again read the defendant his "Miranda rights" and the defendant indicated he wanted to speak to Officer Walsh. At a later time a written confession was taken from the defendant. The court held that this confession was not repugnant to Miranda. A defendant still has the right to change his mind and confess even though he has previously declined to make any comment. That is the crux of the holding in State v. McClelland, 1969, Iowa, 164 N.W.2d 189, where the court stated the problem as follows:

"The essence of defendant's contention * * * is that once defendant has stated he wishes not to answer questions, any information by subsequent conversation, regardless of whether or not prefaced by Miranda warnings, is inadmissible on the ground it necessarily results from a type of compulsion, at least in the absence of counsel.

"It is at once apparent the inevitable consequence of such a holding would be an ironclad rule prohibiting

police officers from subsequently inquiring of a defendant who has invoked his right to silence whether he wishes at any time to waive that right. Certainly a defendant has a right to reconsider and change his decision in the matter. We do not believe Miranda goes so far as to exclude all answers to questions put to defendants after they have claimed their right to remain silent. This is particularly true under a record, as here, which is clearly demonstrative of the wholly voluntary nature of the given response. To hold otherwise would overlook the realities of efficient and practical criminal investigation."

We hold then that the defendant even though he initially invoked his right to remain silent after being adequately advised of his Miranda rights, did not thereby foreclose any subsequent attempt on the part of the police to interrogate the defendant where the defendant is not subjected to force, intimidation or coercion, and provided the defendant knowingly and intelligently waives his Miranda rights before the subsequent interrogation.

The defendant raised the point of whether or not the trial court prejudicially erred in its use and reliance upon its presentence investigation report without disclosing all adverse portions therein contained and giving defendant fair opportunity to meet and refute the same.

The defendant consented to a presentence investigation. At the sentencing the defendant objected to portions of the investigating report. The court allowed the defendant the opportunity to refute that portion which the court read in open court. SDCL 23-48-18, which deals with the presentence investigation report, states:

"* * * Such report shall be privileged and confidential except for the use thereof by the court and the board in the disposition of the case in which made."

The court was not required to disclose the report to the defendant. A presentence report shall contain information as may be helpful in imposing sentence, in granting probation, in

suspending sentence, in the correctional treatment of the defendant and such other information as may be required by the court, or as may be deemed pertinent and helpful by the board. SDCL 23-48-18. Under this statute the court is not required to disclose the report to the defendant. The information in such a report is to aid the court in imposing sentence, in granting probation, in suspending sentence or in the correctional treatment of the defendant. The fact that the trial judge disclosed a portion of the report and permitted the defendant to refute the same was entirely discretionary with the trial judge.

■ The defendant was found guilty of Third Degree Burglary as defined in SDCL 22-32-9. The penalty for such an offense, as set out in SDCL 22-32-10, is imprisonment in the state penitentiary for a term not exceeding fifteen years. It is well settled by this Court that a trial judge has broad discretion to fix a sentence within the limits outlined by the statute. State v. Williams, 1970, 84 S.D. 547, 173 N.W.2d 889; State v. Johnson, 1965, 81 S.D. 600, 139 N.W.2d 232; State v. McFall, 1955, 75 S.D. 630, 71 N.W.2d 299.

The judgment of the lower court is affirmed.

BIEGELMEIER, C. J., and WINANS, J., concur.

WOLLMAN, J., concurs in result.

HANSON, J., dissents.

HANSON, Justice (dissenting).

In view of the facts in this case I would vacate the judgment imposed and remand the action to the trial court for re-sentencing. When a presentence report is used it should be fairly used. A partial disclosure of its contents to a defendant is not sufficient. Whenever a presentence investigation is ordered the defendant, and his attorney, should be permitted to inspect the entire report with a fair opportunity to rebut all unfavorable portions therein. Therefore, in my opinion the court should, in this case, approve and adopt Section 4.4 of the ABA Standards Relating to Sentencing Alternatives and Procedures as follows:

"4.4 Presentence report: disclosure; parties.

(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

(b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review."

SDCL 23-48-18 making a presentence report privileged and confidential does not forbid full disclosure to a defendant and his counsel.

When presentence reports are full, fair and accurate their worth is unquestionable. If inaccurate their harm is unmeasurable. To avoid uncertainty and doubt in all future sentencing proceedings defendants should be entitled, as a matter of course, to a full disclosure of their presentence reports. See Commonwealth v. Phelps, 450 Pa. 597, 301 A.2d 678.