STATE of South Dakota, Plaintiff and Respondent,

v.

Michael WATSON, Defendant and Appellant.

No. 12206.

Supreme Court of South Dakota.

Argued Feb. 14, 1978.

Decided April 6, 1978.

Peter H. Lieberman, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Sidney B. Strange of Strange, Breit & Strange, Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

Defendant appeals from the judgment of conviction entered upon the verdict of a

jury which found him guilty on a charge of rape. We reverse and remand for new trial.

The information filed by the state charged that on July 11, 1976, defendant had accomplished an act of sexual penetration with a female person, not his wife, who was then less than sixteen years of age. As then in effect, SDCL 22–22–1 provided:

"Rape is an act of sexual penetration accomplished with any person under any one or more of the following circumstances:

.    .    .    .    .

(2) Where the victim is incapable, because of physical or mental incapacity, of giving consent to such act; a person sixteen years of age or less shall be presumed incapable of consenting to such acts; . . . ."

The trial court gave the following instructions to the jury:

"Instruction No. 9:

The essential elements of the offense of rape as charged in the Information which the State must prove beyond a reasonable doubt, are:

1. That the defendant at the time and place alleged in the Information accomplished an act of sexual intercourse with Holly Bryant, a female person, not the wife of the defendant, who then was under the age of sixteen years."

"Instruction No. 10:

In legal contemplation, a female person under the age of 16 years and not the wife of the perpetrator is incapable of consenting to an act of sexual intercourse. Therefore, if the alleged act of sexual intercourse has been proved beyond a reasonable doubt, the defendant has no defense in the fact, if it be a fact, that the female person consented to the act."

In *State v. Heisinger*, S.D., 252 N.W.2d 899, which was decided after the date of the trial in the instant case, we held that the presumption contained within SDCL 22–22–

1(2) is not conclusive and that it was reversible error to instruct the jury to the contrary. Although the state argues that our decision in the *Heisinger* case does not mandate reversal in the instant case because defendant did not introduce any evidence tending to show that the victim was capable of consenting to the act of sexual penetration, we conclude that this argument is without merit. It is true that the victim was only thirteen years of age on the date of the alleged offense, but the jury might very well have concluded from her appearance and demeanor on the witness stand, together with the testimony concerning the circumstances of the alleged offense, that she was in fact capable of consenting to the act of sexual penetration.

Defendant made a pretrial motion that the victim be ordered to undergo a psychiatric examination and that he himself be medically examined at state expense to determine whether he was, as he alleged, impotent and thus physically incapable of committing the act charged. Both of these motions were denied. Because this case must be retried, and in view of the rather limited showing that defendant made in support of these motions, we are not disposed to hold that it was error to deny the motions.* In the light of our holding in the *Heisinger* case, however, with respect to the materiality of the alleged victim's capacity to consent to the act of sexual penetration, the trial court may wish to reconsider defendant's motion that the victim be ordered to undergo a psychiatric examination, should defendant renew this motion and make a proper showing in support thereof. See *State v. Klueber*, 81 S.D. 223, 132 N.W.2d 847; *State v. Schweitzer*, 84 S.D. 384, 171 N.W.2d 737; *State v. Sahlie*, S.D., 245 N.W.2d 476. Likewise, in view of the representations made at oral argument by both the state and counsel for the defendant regarding extra-record medical evidence concerning defendant's alleged impotency, we leave it to the sound discretion of the trial court to reconsider the question whether defendant's request to be exam-

---

* Present counsel did not represent defendant at trial.

ined by a doctor at the state's expense should be granted.

Defendant contends that in view of this Court's decision in *State v. Crofutt*, 76 S.D. 77, 72 N.W.2d 435, it was error for the trial court to refuse defendant's requested instruction on the lesser included offense of attempted rape. Inasmuch as it is the evidence developed at trial that governs the matter of the instructions to be given, we deem it unnecessary to rule upon this contention now.

We deem it unnecessary to discuss other alleged errors that occurred during the course of the trial inasmuch as they are unlikely to recur upon retrial.

The judgment of conviction is reversed and the case is remanded to the circuit court for new trial.

All the Justices concur.