STATE of South Dakota, Plaintiff and Respondent,

v.

Richard ELLEFSON, Defendant and Appellant.

· No. 12675.

Supreme Court of South Dakota.

Argued Nov. 8, 1979.

Decided Jan. 16, 1980.

Rehearing Denied Feb. 21, 1980.

Leann Larson Finke, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas K. Wilka of Burns, Hagen & Wilka, Sioux Falls, for defendant and appellant.

1. Dakota Territory Penal Code § 320 (1877).

2. 1887 Dak.Sess. Laws Ch. 133 § 1, pages 10 through 14, 2nd degree rape; under the age of 10, 1st degree rape.

FOSHEIM, Justice.

A jury found the defendant guilty of the crime of rape stemming from sexual intercourse with a child under the age of fifteen years. He was sentenced to a term of ten years. We affirm the conviction but remand for reconsideration of the sentence.

The defendant questions the constitutionality of the statute (SDCL 22–22–1(4)) under which he was convicted. As it relates to this case, the statute reads:

> Rape is an act of sexual penetration accomplished with any person other than the actor's spouse under any one or more of the following circumstances:
>
> . . . . .
>
> (4) Where the victim is less than fifteen years of age.

The defendant contends that in enacting the challenged statute, the legislature intended to incorporate a presumption of incapacity to consent rather than a rule of substantive law. Defendant then argues that the presumption, whether rebuttable or conclusive, is arbitrary and irrational, and thus unconstitutional under the test framed in *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), and *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

The territorial legislature acknowledged the common law prohibition against carnal knowledge with a female under age ten in the penal code of 1877.[1] The age of consent has fluctuated over the years,[2] but otherwise the rape statute withstood revision until 1975.

During this time span, *Ex parte Nesson*, 25 S.D. 49, 125 N.W. 124 (1910), was decided, wherein we rejected the contention that this statute established a conclusive presumption:

> This statute does not presume to declare that it shall be conclusively presumed that all females under 18 years of age are

1890 S.D.Sess. Laws, Ch. 4, § 1, 16 years.
1907 S.D.Sess. Laws, Ch. 11, § 1, 18 years.
1972 S.D.Sess. Laws, Ch. 154, § 21, 16 years.

virtuous, or that they are mentally incapable of determining the element of right and wrong as relating to sexual acts, and therefore mentally incapable of consenting to such acts, but it declares a rule of public policy, under which, as stated above, it attempts to protect all females of immature age, and through them the public, from the consequences, not only of their lack of judgment, but of lack of virtue where the same may be lacking

. . . . .

. . . The common expression used by the courts "that the female is conclusively presumed incapable of consenting to the act of sexual intercourse" is inaccurate. It would be more correct to say that the consent of the female is void [citation omitted]; that is, void as to the male.

25 S.D. at 53–4, 125 N.W. at 126.

It is true, as defendant notes, that we have used language since *Nesson* indicating that the question of consent is for the jury. See: *State v. Fox*, 72 S.D. 119, 31 N.W.2d 451 (1948). Any such deviation from *Nesson* was laid to rest in *State v. Fulks*, 83 S.D. 433, 160 N.W.2d 418 (1968), wherein we held that sexual intercourse with a female under the statutory age, not the wife of the perpetrator, with or without her consent, constitutes the crime of rape and that an arbitrary age of consent in such cases has been established by our legislature as a matter of public policy.

Immediately prior to 1975, the pertinent parts of the statute read as follows:

Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator under either of the following circumstances:

(1) Where the female is under the age of sixteen years[.]

In 1975, the legislature substantially revised SDCL 22–22–1 to read, in pertinent part:

Rape is an act of sexual penetration accomplished with any person under any one or more of the following circumstances:

. . . . .

(2) Where the victim is incapable, because of physical or mental incapacity, of giving consent to such act; a person sixteen years of age or less shall be presumed incapable of consenting to such acts[.]

. . . . .

In *State v. Heisinger*, 252 N.W.2d 899, 902 (S.D.1977), we acknowledged our pre-1975 revision position in this language:

A statutory presumption is a rule of evidence and must be carefully distinguished from statutory provisions which create substantive law, as the former provision had done. .

We then construed the 1975 amendment to create a rebuttable presumption that a person sixteen years of age or less was incapable of consenting to sexual acts. We reaffirmed that construction in *State v. Watson*, 264 N.W.2d 519 (S.D.1978).

It appears that the legislature, by 1977 S.D.Sess. Laws, Ch. 189, § 51, essentially reenacted the pre-1975 rape law. The defendant was charged and convicted under the 1977 version. On reconsidering its experiment with the 1975 revision, the legislature apparently determined that, as a matter of policy, our traditional black and white approach was preferable to the troublesome evidentiary problems involved in the gray zone of rebuttable or conclusive presumptions regarding capacity to consent.

Having reached this conclusion, we avoid the constitutional presumption arguments of appellant. His further contention that the trial court erred in refusing evidence of facts relating to the victim's ability to consent to sexual intercourse is thus also immaterial.

 The defendant objects to jury instruction No. 12 on the ground that it shifted the burden of proof from the State to the defendant in violation of his constitutional rights. The challenged instruction reads as follows:

A charge such as that made against the defendant in this case is one which, generally speaking, is easily made, *and once made is difficult to disprove even if the*

*defendant is innocent.* From the nature of the case such as this, the complaining witness and the defendant usually are the only witnesses testifying directly as to the alleged acts constituting the crime. Therefore, the law requires that you examine the testimony of the prosecuting witness with caution and consider and weigh it in light of all the circumstances shown. In giving this instruction, the Court does·not mean to imply an opinion as to the credibility of any witness or the weight to be given his or her testimony. (emphasis supplied)

The record reveals, however, that counsel for the defendant did not object to the proposed instruction. Indeed, defense counsel offered an instruction with identical language which was refused. Failure of a defendant upon settling of instructions to object to a particular instruction precludes appellate consideration of a claim that the instruction was prejudicial. SDCL 15–6–51(b), 23–42–6(5)[3], *Fales v. Kaupp*, 83 S.D. 487, 161 N.W.2d 855 (1968). The instruction given is regarded as the law of the case on appeal. *Keller v. Merkel*, 73 S.D. 477, 44 N.W.2d 208 (1950); *State v. Larson*, 41 S.D. 553, 172 N.W. 114 (1919); *South Dakota Central Railway Co. v. Smith*, 22 S.D. 210, 116 N.W. 1120 (1908). This rule applies even though there may be plain error in the instruction. *State v. Barr*, 89 S.D. 280, 232 N.W.2d 257 (1975). Defendant argues that we should adopt the plain error doctrine in view of the recent enactment of SDCL 19–9–6.[4] That statute, however, does not mandate recognition of plain error. Rather, it simply states that nothing in SDCL 19–9–3 to 19–9–5 precludes taking notice of such error. We have recently declined to implement the plain error doctrine. *State v. Coe*, 286 N.W.2d 340 (S.D.1979).

Finally, the defendant claims the sentence cannot stand because it was based upon unreliable and inaccurate information concerning his past conduct.

█ This court has consistently recognized the broad discretion of the trial judge in determining the kind and extent of punishment to be imposed within the limits fixed by statute. *State v. Robinson*, 87 S.D. 375, 209 N.W.2d 374 (1973); *State v. Williams*, 84 S.D. 547, 173 N.W.2d 889 (1970). Due process does not require that the scope of information reviewed by the sentencing judge be controlled by the rules of evidence, and consideration of out-of-court information and hearsay evidence is not precluded. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *United States v. Schipani*, 435 F.2d 26 (2nd Cir. 1970), cert. denied, 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971).

In regard to reliability, defendant argues that the presentence report which he requested contained incomplete and hearsay matters. In *State v. Carsten*, 264 N.W.2d 707 (S.D.1978), we held that reliance upon a presentence report which allegedly contained inaccurate information was not necessarily fatal where appellant's counsel was given an opportunity to review the presentence report and appellant availed himself of the opportunity to rebut the alleged·inaccuracies. Counsel for the defendant here cross-examined the Court Services officer who prepared the report and was given an opportunity to present a showing in mitigation of punishment and to explain any claimed inaccuracies in the report.

█ This, however, does not dispose of the second part of appellant's claim that the court relied on inaccurate *conclusions* in passing sentence. Questions of constitutional magnitude involving due process are reached when a prisoner is sentenced on the basis of assumptions concerning his criminal record which were materially untrue. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *Crowe v. State*, 86 S.D.

---

**3.** SDCL 23–42–6, repealed by 1978 S.D.Sess. Laws, Ch. 178, § 5.77, effective July 1, 1979. See SDCL 23A–24–2 for similar reenactment.

**4.** SDCL 19–9–6 provides:

Nothing in §§ 19–9–3 to 19–9–5, inclusive, precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

264, 194 N.W.2d 234 (1972). Appellate review of the sentencing process is proper where it appears the court relied on inaccuracies in reaching its sentencing decision. *United States v. Stoddard*, 180 U.S.App. D.C. 209, 553 F.2d 1385 (D.C.Cir.1977). In this case, the court addressed the defendant as follows:

> The fact is, that you were convicted in 1975 of raping an 8 and 10 year old girl, four counts of lewd and lucidious [sic] acts. Now that is a fact.

This statement was either a misunderstanding or a misreading of the record. The state concedes that defendant was acquitted of all charges relating to the eight-year-old girl (although the record itself is vague on this point). More significantly, however, the record does not permit the conclusion that there were any rape convictions. In *State v. Carsten*, supra, at 710, we quoted with approval from *United States v. Herndon*, 525 F.2d 208, 210 (2d Cir. 1975), which upheld a sentence when the errors were "fully called to the sentencing judge's attention by diligent trial counsel *and there [was] no indication whatsoever that in imposing sentence the court relied on any of the inaccuracies referred to.*" (emphasis supplied). In the present case, however, the words of the trial judge in passing sentence indicate that he *misconstrued* information concerning appellant's previous criminal record. We believe it was violative of defendant's right to due process to have his sentence based upon a misapprehension of the facts concerning his prior record. *Crowe v. State*, supra. In *Crowe*, we held invalid a sentence imposed where the trial court relied upon the erroneous assumption that petitioner had four prior rape convictions. We noted in that case "that the price of correcting the injustice resulting from such a situation is insubstantial." 86 S.D. at 285–6, 194 N.W.2d at 246.

The judgment of conviction is affirmed; the case is remanded, however, for reconsideration of the defendant's sentence.

All the Justices concur.

HENDERSON, Justice (concurring in result).

Due to the position I have taken with respect to sentencing in *State v. Coe*, 286 N.W.2d 340 (S.D.1979), and *State v. Helm*, 287 N.W.2d 497 (S.D.1980), I cannot subscribe to an approval of *State v. Williams*, 84 S.D. 547, 173 N.W.2d 889 (1970), or that portion of *State v. Robinson*, 87 S.D. 375, 209 N.W.2d 374 (1973), cited in the majority opinion as authority for the proposition that a sentence within statutory limits is not reviewable on appeal. Otherwise, I concur in the entire language and result of this opinion.