UNITED STATES of America,
Plaintiff-Appellee,

v.

Bobby Lee HODGE, Jr., Defendant-
Appellant.

No. 73–1740.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1973.

Patrick J. Araguel, Jr., Columbus, Ga.
(Court-appointed), for defendant-appellant.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before BELL, COLEMAN and RONEY, Circuit Judges.

**946**

PER CURIAM:

Defendant, a soldier, was convicted of the armed robbery of two other servicemen on a military reservation, at Fort Benning, Georgia. 18 U.S.C.A. § 2111. He asserts basically three points on appeal: (1) the District Court did not have jurisdiction to try him, exclusive jurisdiction being in a military court-martial; (2) improper use was made of a confession allegedly obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and (3) the trial court failed to fully instruct the jury as to the requirement of a unanimous verdict.

■ (1) Defendant grounds his jurisdictional objection on an inverse reading of O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), which held that a military court-martial did not have jurisdiction over a serviceman's crime cognizable in a civilian court, committed off post and while on leave. Defendant reasons that where a crime having military significance is committed on a military reservation by a serviceman not on leave, *only* the military court system would have jurisdiction to try a soldier defendant. Hodge argues that his right to indictment by a grand jury in the civilian system is a substantially lesser right than that granted a serviceman by Article 32, Uniform Code of Military Justice, 10 U.S.C.A. § 832. Thus, claiming more comprehensive rights under the military system than those inherent in an indictment by a grand jury, defendant avers that he has an unqualified right to trial within the military judicial system for the crimes of which he was convicted.

Prior to O'Callahan, this Court held the military court and the District Court to have concurrent jurisdiction over crimes such as armed robbery. Schmitt v. United States, 413 F.2d 219, 225 (5th Cir.), cert. denied, 396 U.S. 959, 90 S.Ct. 432, 24 L.Ed.2d 423 (1969); Kennedy v. Sanford, 166 F.2d 568, 569 (5th Cir.), cert. denied, 333 U.S. 864, 68 S.Ct. 737,

92 L.Ed. 1143 (1948). *Accord*, Caldwell v. Parker, 252 U.S. 376, 40 S.Ct. 388, 64 L.Ed. 621 (1920); Peek v. United States, 321 F.2d 934, 936, 937 (9th Cir. 1963), cert. denied, 376 U.S. 954, 84 S. Ct. 973, 11 L.Ed.2d 973 (1964). We think that O'Callahan did not change the concurrent jurisdiction rule, but only limited the crimes over which a military court could assert jurisdiction. *See* United States v. Bixler, 321 F.Supp. 268 (D.Kan.1971). ·We do not read O'Callahan to mean that District Court jurisdiction is precluded just because the military court could assert jurisdiction.

■ (2) Hodge was arrested by military police who informed him of his rights and took him to the post's M.P. Headquarters. Prior to any questioning, Criminal Investigation Division Agent Morgan repeated the Miranda and Article 31, U.C.M.J. warnings. Hodge evidenced understanding of his rights by requesting an attorney whereupon Agent Morgan terminated the interview, informed Hodge of the military procedure to obtain counsel, and explained the charges and evidence against him as required by Article 31(b) U.C.M.J., 10 U. S.C.A. § 831(b). ·

Hodge changed his mind and volunteered to make a statement. Agent Morgan did not accept it until Hodge waived his right to counsel. Hodge then made a confession, the validity of which was upheld in a Jackson v. Denno [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)] hearing. Portions of the confession were read into evidence by the Government while cross-examining Hodge at trial. ·

Hodge challenges the confession and its use. *First*, he contends that "once an accused has invoked his right to have an attorney present, all questioning and discussion for whatever purpose must cease until an attorney is obtained for the accused." In support of this contention he cites United States v. Crisp, 435 F.2d 354 (7th Cir. 1970), cert. denied, 402 U.S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 116 (1971). But *Crisp* is distinguisha-

ble for there the police subjected the defendant to intensive questioning immediately following a refusal to answer. In the case at bar, the interrogation was terminated and Hodge was informed of the procedure for acquiring an attorney, and of the case against him. His subsequent change of mind was voluntarily and freely made as was found in the Jackson v. Denno hearing. An arrestee can change his mind after requesting an attorney. Collins v. United States, 462 F.2d 792 (2d Cir.), cert. denied, 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 254 (1972); United States v. Grady, 423 F.2d 1091 (5th Cir. 1970); Wilson v. United States, 398 F.2d 331 (5th Cir. 1968), cert. denied, 393 U.S. 1069, 89 S.Ct. 727, 21 L.Ed.2d 712 (1969).

■ *Second*, he objects to the use made of the confession. Recognizing that a confession may be used for impeachment, Hodge contends that his testimony was impeached when he affirmatively acknowledged that he had made a statement to Agent Morgan contrary to his direct testimony and implicating himself in the armed robbery. He claims it was error to question him by reading portions of the statement into evidence after he had admitted making prior contradictory statements and when the confession had not been offered as affirmative evidence by the Government.

The method used by the Government to impeach Hodge, however, was in compliance with the accepted rules of procedure: upon cross-examination he admitted making a prior statement contradictory to his direct testimony; he admitted that he recognized the statement which was shown to him; portions were read and Hodge was asked if he made the quoted statements. *See* 3A Wigmore, §§ 1025, 1036(2). When Hodge admitted that he had made a prior state-

ment implicating himself in an armed robbery, portions of the confession were read to relate those statements to the facts of this case. In light of the statement's voluntariness and inherent admissibility, there was no error. *Cf.* Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

■ *Third*, Hodge alleges that the court's charge concerning the confession's admissibility was erroneous since it had not been offered as affirmative evidence by the Government. He correctly asserts that the statement was before the jury for impeachment purposes only and that an instruction to that effect could be required. We have studied the testimony and the charge and find that Hodge made no objection to the charge at trial; that he did not request a particular charge; and that the charge given did not state that the jury could use the confession in an affirmative manner. The charge, if misleading at all, was not sufficiently so as to constitute plain error. Accordingly, we hold that any error in the charge was not grounds for reversal.

■ (3) Finally, Hodge contests the adequateness of the trial judge's instruction concerning the necessity of a unanimous verdict. On two separate occasions during his charge, the trial judge employed the adjective "unanimous" to describe the type of agreement required in reaching a verdict. Although defense counsel expressed some concern, he did not request a poll of the jury to determine if in fact their verdict was not unanimous. A contrary contention on appeal is foreclosed. United States v. Nooks, 446 F.2d 1283 (5th Cir. 1971), cert. denied, 404 U.S. 945, 92 S.Ct. 299, 30 L.Ed.2d 261 (1972).

Affirmed.