**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Frank ROGERS,
Defendant-Appellant.**

No. 75–3071
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1977.

Rehearing Denied Oct. 11, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

James Frank Rogers, pro se.

Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

John E. Clark, U.S. Atty., John M. Pinckney, III, LeRoy Morgan Jahn, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM.

James Frank Rogers takes this direct appeal from his conviction of two counts of assault within the exclusive territorial jurisdiction of the United States, with intent to do bodily harm. 18 U.S.C. § 113(c). We affirm.

■ Facts disclosed at the plea proceedings adequately established that the assaults were committed on Lackland Air Force Base, within exclusive federal jurisdiction. The crime was not service connected, and the district court, rather than the military courts, properly exercised jurisdiction.

■ The court's conclusion from the plea proceedings that there was an adequate factual basis for the plea was not erroneous. Nor did it commit any error in determining on the record before it that the plea was voluntary.

■ Imposing consecutive 5-year sentences for the two assaults was lawful in the circumstances. Nor can appellant complain of the confiscation of the gun used in the assaults. Appellants claim of selective prosecution, excessive bail, and undue delay in bringing him before a magistrate are also meritless.

■ The disposition of § 2255 petitions filed by appellant subsequent to the taking of this appeal is not properly before us for review. Nor is his parole status. Similarly, we will not consider on direct appeal appellant's allegation of an unfulfilled representation by defense counsel that. probation would be granted. *See United States v. Coronado,* 554 F.2d 166, 170–71 n. 6 (5th Cir. 1977). Limiting our consideration to only the formal filings, the rule 11 transcript, and the sentencing transcript, which constitute the complete record before us, we find no ineffectiveness of counsel.

The judgment of the district court is AFFIRMED.