**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Luis Antonio COLON–PADILLA,
Defendant-Appellant.**

**No. 83–1603.**

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1985.

Jeffrey S. Levinger, Dallas, Tex. (Court-appointed), for defendant-appellant.

Helen M. Eversburg, El Paso, Tex., Sidney Powell and Ricardo Gonzalez, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, WILLIAMS and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

Appellant appeals the denial of his motion to vacate and set aside his sentence under 28 U.S.C. § 2255. Finding no merit to any of the assigned errors, we affirm.

## CONTEXT FACTS

Appellant, Luis Antonio Colon-Padilla, was an Army enlisted man stationed at the Fort Bliss military reservation in El Paso. On February 14, 1983, appellant and three other men participated in an armed robbery at the Del Norte Non-Commissioned Officers Club at Biggs Field, on the grounds of Fort Bliss, just as the club was closing for the night. The assailants ordered a club employee, Eugene Hilliard, to open a safe; when Hilliard complied, a silent alarm was triggered at the reservation's military police headquarters. Edward Muszkiewicz, an M.P., responded to the call. When Muszkiewicz arrived, appellant discharged a sawed-off shotgun twice in his direction, striking both Muszkiewicz and Hilliard. Muszkiewicz sustained serious injuries, including the loss of one of his biceps. The assailants stole Muszkiewicz's .45 caliber pistol and fled from the scene.

One of the four assailants, Jose Luis Otero-Forti, subsequently was questioned by the FBI. He confessed to his role in the armed robbery, supplied the FBI with the other assailants' names, and agreed to use marked money to obtain the weapons that had been used during the crime. Otero-Forti purchased the sawed-off shotgun and the M.P.'s pistol from appellant, paying for the weapons with FBI-marked money. The FBI thereafter obtained warrants to search Colon-Padilla's residence from the Acting Commander of Fort Bliss and from a federal magistrate. During this search, the agents found two of the marked bills in Mrs. Anabel Colon-Padilla's purse, .22 caliber shells similar to those used in a pistol at the robbery, and a stocking-type mask. Colon-Padilla was arrested and interrogated; during questioning, he orally confessed to having participated in the robbery of the NCO Club.

Padilla was charged with two counts of assault with intent to commit murder, in violation of 18 U.S.C. § 113(a); one count of assault with intent to commit robbery, in violation of 18 U.S.C. § 113(b); two counts of robbery, in violation of 18 U.S.C. § 2111. Appellant moved to suppress his post-arrest oral confession on the ground that he had given it involuntarily. Following a suppression hearing, the district court concluded that the oral confession was admissible and denied his motion. On May 18, 1983, a jury returned a verdict finding appellant guilty of a lesser-included offense on the first count, not guilty on one of the robbery counts, and guilty on all other counts. On June 9, 1983, he was sentenced to twenty years imprisonment.[1] No direct appeal was taken from his conviction.

Appellant subsequently filed a petition for a writ of habeas corpus in the district court where he had been sentenced. He alleged that the district court had lacked jurisdiction to try him because exclusive jurisdiction was vested in the military court system, that his post-arrest oral statements should have been suppressed because his interrogators both failed to provide *Miranda* warnings in Spanish and continued to question him after he had requested an attorney, and that the indictment against him was insufficient. The court treated his petition as a motion to vacate his sentence under 28 U.S.C. § 2255, and denied relief. We affirm.[2]

## JURISDICTION

Appellant argues that the district court lacked jurisdiction to hear a service-connected case. He argues that his crime was a court-martial offense within the exclusive jurisdiction of the military courts. We find no merit in his contention.

---

1. Appellant was sentenced to consecutive ten-year terms of imprisonment on the first two counts, and to ten-year sentences on the remaining two counts on which he was found guilty, one of the latter two ten-year sentences being concurrent with the first count sentence, and the other concurrent with the second count sentence.

2. We do not find it necessary to reach the issue whether the deliberate-bypass rule or the cause-and-prejudice rule should apply in this case. Even if the case were to be judged under the deliberate-bypass rule, and it were shown that appellant did not deliberately bypass his right to appeal, we find no merit to any of his claims and would affirm his conviction.

■ The district court had jurisdiction over each offense for which Colon-Padilla was convicted. Title 18 U.S.C. § 113 states:

"*Whoever,* within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

"(a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.

"(b) Asault with intent to commit any felony, except murder or rape, by fine of not more than $3,000 or imprisonment for not more than ten years, or both." (Emphasis added).

Title 18 U.S.C. § 2111 similarly provides, "*Whoever,* within the special maritime and territorial jurisdiction of the United States, [commits robbery] ..., shall be imprisoned not more than fifteen years." (Emphasis added). Title 18 U.S.C. § 7 defines the term "special maritime and territorial jurisdiction of the United States" to include

"(3) Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, ... for the erection of a *fort,* magazine, arsenal, dockyard, or other needful building." (Emphasis added).

Section 7's definition extends to military reservations such as Fort Bliss.[3] *See United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 1500 n. 4, 71 L.Ed.2d 696 (1982) ("The District Court had jurisdiction because the crimes were committed on military property." (citing 18 U.S.C. § 7)) (the accused was a serviceman when the offenses were committed, but not when indicted or thereafter); *United States v. McRae,* 593 F.2d 700, 701 (5th Cir.), *cert. denied,* 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979) ("The offense having occurred on the Fort Bliss military reservation," the defendant was tried under Title 18 in district court). Moreover, sections 113 and 2111, by extending their reach to "[w]hoever" commits an offense on a military reservation, on their face encompass crimes committed by military personnel. Therefore, the district court properly exercised jurisdiction over appellant.

■ Colon-Padilla cites *United States v. Rogers,* 558 F.2d 788 (5th Cir.1977) (per curiam), *cert. denied,* 434 U.S. 1073, 98 S.Ct. 1259, 55 L.Ed.2d 777 (1978), to support his argument that the military courts have exclusive jurisdiction. Appellant appears to rely on the following passage from *Rogers:*

"Facts disclosed at the plea proceedings adequately established that the assaults were committed on Lackland Air Force Base, within *exclusive* federal jurisdiction. The crime was not service connected, and the district court, rather than the military courts, properly exercised jurisdiction." 558 F.2d at 790 (emphasis added).

By implication, appellant argues that if a crime *is* service connected, as he maintains his crimes were,[4] the military court rather than the district court has exclusive jurisdiction. However, appellant misapprehends our holding in *Rogers.* The opinion comments only on the narrow bounds of

---

**3.** Appellant concedes that the crime took place at Fort Bliss, and that it is a United States military reservation.

**4.** We need not and do not ultimately determine whether appellant's offenses were service connected. Armed robbery, assault with intent to commit robbery, and assault with intent to commit murder are crimes cognizable in a civilian court. The fact that they were committed on military property does not necessarily render them service connected. *See United States v. Rogers,* 558 F.2d at 790. The *Rogers* opinion does not disclose whether or not either the accused or any victim in that case was a serviceman, or the circumstances of the offenses. Our present appellant was a serviceman at the time of the offenses and when he was tried and convicted, and at least one of the victims was a serviceman in the line of duty. An on-post installation used by servicemen was attacked. These circumstances strongly suggest that all the offenses were service connected. See *Relford v. Commandant, U.S.D.B., Ft. Leavenworth,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). We hence assume, *arguendo,* that appellant is correct in his contention that his offenses were service connected and that a court-martial would have had jurisdiction to convict and punish him for them.

military-court jurisdiction, since it indicates that crimes that are *not* "service connected" fall within the *exclusive* jurisdiction of the district court. The decision leaves open the possibility that the district court still would have had *concurrent* jurisdiction had the offense been service connected. An identical argument was raised by the appellant in *United States v. Hodge*, 487 F.2d 945 (5th Cir.1973) (per curiam), and rejected by this Court. As in the instant case, the defendant in *Hodge*, a serviceman, was convicted in district court of armed robbery, pursuant to 18 U.S.C. § 2111. The crime had been committed by a serviceman on the grounds of a military reservation. The victims were servicemen. Like Colon-Padilla, the *Hodge* appellant argued that "the District Court did not have jurisdiction to try him, exclusive jurisdiction being in a military court-martial." 487 F.2d at 946. We explained the appellant's argument as follows:

> "Defendant grounds his jurisdictional objection on an inverse reading of *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), which held that a military court-martial did not have jurisdiction over a serviceman's crime cognizable in a civilian court, committed off post and while on leave. Defendant reasons that where a crime having military significance is committed on a military reservation by a serviceman not on leave, *only* the military court system would have jurisdiction to try a soldier defendant." 487 F.2d at 946 (emphasis in original).

We rejected the appellant's argument, stating:

> "Prior to *O'Callahan*, this Court held the military court and the District Court to have concurrent jurisdiction over crimes *such as armed robbery.* ... We think that *O'Callahan* did not change the concurrent jurisdiction rule, *but only limited the crimes over which a military court could assert jurisdiction.*

... We do not read *O'Callahan* to mean that District Court jurisdiction is precluded just because the military court could assert jurisdiction." 487 F.2d at 946 (emphasis added).

*See also Schmitt v. United States*, 413 F.2d 219, 224–25 (5th Cir.), *cert. denied*, 396 U.S. 959, 90 S.Ct. 432, 24 L.Ed.2d 423 (1969) ("The fact that an offender may be answerable to a court martial for his civilian offenses does not absolve him before civilian courts. ... If he is still subject to military justice, he is nonetheless responsible for non-military crimes before civilian courts."). Similarly, the fact that a military court would have had jurisdiction over these offenses does not mean that the district court could not assert concurrent jurisdiction.

Appellant also cites *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 2936 n. 6, 37 L.Ed.2d 873 (1973), in which the Supreme Court stated that in some situations a defendant serviceman "may well receive a more objective hearing in a court-martial than from a local jury of a community that resents the military presence." We find that case completely inapposite to appellant's jurisdictional argument. The *Gosa* Court held that it would not give retroactive application to the newly recognized principle that military courts ordinarily *should not* try servicemen for offenses that are not service connected. The Court stated that although the new rule might improve or enhance reliability, retroactive effect was not necessary because there was no indication that the court-martial lacked fundamental integrity as a truth-determining process. 93 S.Ct. at 2936. The Court in no way suggested that a military court has *exclusive* jurisdiction, even in a case where the military court would afford a more fair proceeding because of local prejudice.[5]

## REQUEST FOR COUNSEL

Appellant argues that his oral confession was not given voluntarily. He argues that

---

**5.** Even if that were the rule, appellant does not contend (nor does anything in the record suggest) that *he* was a victim of local prejudice. Nor does appellant contend that the district court's exercise of jurisdiction subjected him to double jeopardy (appellant makes no claim that he was ever court-martialed for any of these matters).

he did not understand his rights, since he speaks only Spanish. He also contends that he was interrogated after he made a request for counsel, in violation of his *Miranda* rights. We reject these contentions.

■ In the proceedings in which appellant was convicted, the district court conducted a pretrial suppression hearing on appellant's claim that "his statement was obtained without properly advising him as to his constitutional rights." The court concluded:

"*The evidence presented at the hearing on this motion established that Defendant was advised of his Miranda rights in both English and Spanish before his oral statement was obtained, and that he fully understood those rights.* Colon-Padilla is a 23 year old native of Puerto Rico, who attended school through the eleventh grade. He then studied for and passed an examination which resulted in his obtaining credit for the twelfth grade. He has been in the United States Army for three years, has achieved the rank of SP 4, and his specialty is communications. *It is quite obvious from this evidence as to his background, as well as from his own testimony and demeanor on the witness stand at the hearing, that Colon-Padilla was capable of comprehending the explanation of his constitutional rights in both Spanish and English.* This conclusion is supported by the undisputed fact that he refused to sign a *written* statement concerning his participation in the N.C.O. Club robbery until he had conferred with an attorney."

The court added:

"*In the instant case, the evidence establishes that Colon-Padilla's statement was voluntarily given.* His constitutional rights to remain silent and to confer with counsel were fully explained, and he understood them. In fact, he declined to sign a *written* statement until he could obtain the advice of counsel. The interrogation by F.B.I. agents was not prolonged (it lasted less than an hour), and Colon-Padilla was not coerced or threat-

ened. The Court finds that his *statement* to F.B.I. agents was voluntary." (Emphasis added).

The district court found that appellant was advised of his rights in English and Spanish, understood them, and made his oral statement to the FBI agents voluntarily. He invoked his right to counsel only when asked to sign a "written" statement. The issue whether appellant's oral confession was admissible at trial was fully litigated in the district court. We find no reason to order the district court to retry the facts which underlie its conclusion that appellant's oral confession was admissible. *Davis v. United States*, 571 F.2d 1347, 1348 (5th Cir.1978) (per curiam) ("matters, effectively raised and disposed of on the merits of the case itself, cannot again be raised in coram nobis"); *Lampe v. United States*, 288 F.2d 881, 882 (D.C.Cir.1961) (en banc), *cert. denied*, 368 U.S. 958, 82 S.Ct. 400, 7 L.Ed.2d 389 (1962) (where defendant "had a full hearing, at his trial, on the point now urged collaterally," including the issue whether his confession had been voluntary, the issue could not be raised again in a section 2255 proceeding); *Yamaura v. United States*, 282 F.2d 564, 564 (9th Cir. 1960) (per curiam) (affirming district court's denial of relief under section 2255; court noted that "[p]reviously, the same appellant presented the same question to the same district court and relief was denied. Under the circumstances of this case, there is no need to consider the question again."). We further conclude that the facts, as thus found by the district court, support its conclusion that appellant made an informed and independent decision to confess. *See United States v. Mattoni*, 698 F.2d 691, 695 (5th Cir.1983) (sustaining admission of post-arrest statements at trial on similar facts where appellant was advised of rights, indicated that he understood them, and invoked right to remain silent only after giving the statements in question); *United States v. Cantu*, 548 F.2d 1243, 1244 (5th Cir.1977) (per curiam); *United States v. Saimiento-Rozo*, 676 F.2d 146, 150 (5th Cir.1982).

## SUFFICIENCY OF INDICTMENT

 Appellant also argues that the first two counts of his indictment, which allege assault with intent to commit murder, are insufficient since they fail to allege that he acted with malice. We reject this argument. The second count of the indictment charges

"[t]hat on or about February 14, 1983, in the Western District of Texas, ... Colon-Padilla ... did unlawfully with the intent to commit murder, assault Edward Joseph Muszkiewicz, in an area commonly known as Biggs Field, Ft. Bliss, Texas, which is in the exclusive jurisdiction of the United States, in violation of Title 18, United States Code, Section 113(a)."

Section 113(a) provides:

"Whoever ... is guilty of an assault shall be punished as follows:

"(a) Assault with intent to commit murder ..., by imprisonment for not more than twenty years."

Section 113(a) does not state that the defendant must have acted with malice, but only with intent to commit murder. Therefore, the government did not need to allege that Colon-Padilla assaulted his victims with malice. *United States v. Johnson*, 575 F.2d 1347, 1356 (5th Cir.1978), *cert. denied sub nom. Harelson v. United States*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979) ("[h]ere the indictment was sufficient because it charged in the words of the statute...."); *United States v. Howell*, 719 F.2d 1258, 1261 (5th Cir. 1983) (per curiam), *cert. denied,* —— U.S. ——, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984) (indictment was sufficient since it "track[ed] the language of the statute").

We believe that the jury could reasonably have found that appellant intended to commit murder since he discharged his shotgun at Muszkiewicz twice.[6]

AFFIRMED.

---

**6.** On appeal, appellant has also raised the issue whether he was provided adequate assistance of counsel in his original trial. The issue whether he was provided adequate assistance of counsel was never presented to the district court, either at his original trial or in his section 2255 motion. Therefore, we find that this issue has been waived. *Elrod v. United States*, 503 F.2d 959, 960 (5th Cir.1974) (per curiam) ("In his briefs filed in this Court, pro se and through counsel, [appellant] ... has alleged several other grounds for § 2255 relief. Since they have not been presented to the district court, we will not

adjudicate their merits on this appeal."); *King v. United States*, 565 F.2d 356, 358 (5th Cir.1978) (per curiam) ("Newly presented issues which were not part of the District Court proceedings will not be considered on appeal."); 3 Wright, *Federal Practice and Procedure: Criminal* § 601, at 514 (1982) ("Issues not raised in the trial court cannot be considered on appeal."). In so ruling, we do not believe that appellant has been subjected to any injustice by waiving this issue. We find nothing in the record to indicate that appellant's counsel failed to adequately represent him before the trial court.