509 So.2d 1236 (1987)
Robert Lee LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0913.
District Court of Appeal of Florida, Fourth District.
July 8, 1987.
Rehearing Denied August 11, 1987.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Michael W. Baker, Asst. Atty. Gen., West Palm Beach, for appellee.
RIVKIND, LEONARD, Associate Judge.
Appellant, Robert Lee Lewis, appeals his conviction and sentence for attempted murder in the first degree, robbery with the use of a firearm, and shooting into an occupied building. Appellant contends that the trial court erred in failing to grant his motion to suppress incriminating statements made by him while in custody.
After appellant had been given Miranda warnings, he chose to remain silent but did not seek the assistance of counsel. He was not subject to express questioning. However, he was shown a video tape of the robbery. While being shown the tape, appellant made the statements: "Man, he took it like a man. I should have hit him a couple more times."
Appellant argues that being confronted with the evidence is the "functional equivalent" of express questioning. We disagree. The conviction and sentence are affirmed.
A statement made by a person in response to custodial interrogation after he has exercised his right to remain silent is inadmissible unless he waives his privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Here the appellant asserted that privilege. There was no waiver. Consequently, the admission is admissible only if it was not given in response to police interrogation.
*1237 "Interrogation" within the purview of Miranda is not restricted to express questioning. The United States Supreme Court expanded the terms to include any conduct that is its functional equivalent.
We conclude that the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 1690, 64 L.Ed.2d 297, 308 (1980) (footnotes omitted).
Most recently the United States Supreme Court has held that the suspect's perspective is extremely relevant in determining whether a certain police procedure constituted interrogation. Arizona v. Mauro, ___ U.S. ___, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987). The court used a case by case totality of the circumstances approach to determine whether the subject perceived that he was being coerced by a specific police procedure.
In the case at bar, it is unlikely that the appellant was compelled to incriminate himself by viewing a video of the robbery. He was no novice to the criminal justice system. He had a long and serious felony arrest record. He was familiar with police procedure and techniques. In addition, the testimony adduced at trial disclosed that he engaged in levity while watching the tape. His demeanor belies his contention that he was coerced by an "interrogation environment."
It may be that the police should have known that showing the appellant the evidence against him would be likely to elicit an incriminating response. However, the circumstances of this case support the conclusion that from the appellant's perspective such police procedure did not impinge upon his will in a coercive manner. His perspective detracts from the coerciveness of the interrogation environment. Appellant's response, therefore, was not in answer to interrogation but was a spontaneous and voluntary assertion. No constitutional error was committed by admission of his comments into evidence.
Affirmed.[1]
HERSEY, C.J., and GUNTHER, J., concur.
NOTES
[1] The appellant's second point on appeal, that the trial court exceeded the sentencing guidelines, is moot. On remand, the sentence was amended to conform to the guidelines.