Justice White,
dissenting.
Petitioner was convicted of robbery and attempted first-degree murder, charges that stemmed from the robbery of a gas-station *1037 attendant. At trial, he sought to suppress statements he had made while in custody, claiming that his Miranda rights were violated. The pertinent facts are that petitioner, once in custody, was given Miranda warnings and immediately invoked his right to remain silent. The police did not try to question him, but instead took him to a room where he was shown a videotape of the robbery, which also included footage of the shooting of the attendant. While viewing the videotape, petitioner made several incriminating statements to an officer. The state trial court denied petitioner’s motion to suppress the statements, and its decision was affirmed on appeal. 509 So. 2d 1236 (Fla. App. 1987). Petitioner argued that being confronted with evidence of this nature is the “functional equivalent” of express questioning, which is impermissible once a person in custody has invoked his right to remain silent, but the Florida Court of Appeal disagreed.
We have stated that “interrogation” under Miranda does include conditions that are its “functional equivalent,” that is, “any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police.” Rhode Island v. Innis, 446 U. S. 291, 301 (1980) (footnotes- omitted). We also have observed that a “psychological ploy” of any significance would also be treated as the “functional equivalent” of interrogation. Arizona v. Mauro, 481 U. S. 520, 526 (1987).
Whether police may confront a suspect with evidence against him, outside the range of normal arrest and charging procedures, without engaging in the “functional equivalent” of interrogation is a substantial question in light of Innis. In addition, the federal and state courts disagree over the issue. Some courts, for example, have found an interrogation to have occurred when the police, in booking a suspect, merely advised him of the charges and then described the evidence against him in some detail. Wainwright v. State, 504 A. 2d 1096, 1102-1103 (Del. 1986); Koza v. State, 102 Nev. 181, 183-188, 718 P. 2d 671, 673-676 (1986); State v. Quinn, 64 Md. App. 668, 671-674, 498 A. 2d 676, 677-679 (1985). Other courts have held to the contrary. United States v. Pheaster, 544 F. 2d 353, 366-368 (CA9 1976); United States v. Hodge, 487 F. 2d 945, 946-947 (CA5 1973). On the other side of the issue, more *1038 over, some courts have treated more adventurous police practices, which are in no sense any part of the formal arrest or charging procedures, as the “functional equivalent” of interrogation. In People v. Ferro, 63 N. Y. 2d 316, 472 N. E. 2d 13 (1984), for example, a Miranda violation was found where the police took furs allegedly stolen by the suspect and spread them out, without a word, in front of the suspect’s cell for him to ponder. See also Bryant v. State, 49 Md. App. 272, 431 A. 2d 714 (1981), cert. denied, 456 U. S. 949 (1982). The decision below in this case is to the contrary. I would grant certiorari to consider the construction of Innis rendered by the court below and to resolve the significant disagreement on this general issue among the state and federal courts, which has led those courts both to handicap the police in pursuing some apparently legitimate law enforcement practices and to approve the use of other ploys that have nothing to do with the usual and accepted procedures for arresting and charging a suspect.