917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Alexander CROCKETT, Defendant-Appellant.
 No. 89-7810.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Nov. 13, 1990.
Rehearing and Rehearing In Banc Denied Dec. 12, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Chief District Judge. (CR-85-328-H, CA-89-1512-H)
 Warren Gary Kohlman, Washington, D.C., for appellant.
 Glenda Gay Gordon, Assistant United States Attorney, Baltimore, Md., (argued) for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., for appellee on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Henry A. Crockett appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his conviction. Crockett alleges that the trial court's method of jury selection denied him his right to effective peremptory challenges. Because we find that Crockett waived this objection by failing to raise it at trial or on direct appeal, we affirm.
 
 
 2
 * In 1985, Crockett was convicted on several counts involving the distribution of phencyclidine. He appealed to this court on various grounds, but did not include a claim based on improper jury selection. We affirmed his conviction. United States v. Crockett, 813 F.2d 1310 (4th Cir.1987). Crockett then filed a motion under 28 U.S.C. Sec. 2255, seeking to have his sentence vacated for error in the jury selection process.
 
 
 3
 The district court denied the motion without holding an evidentiary hearing. Because Crockett did not object to the manner of jury selection either at trial or on direct appeal, the district court held that his claim had been procedurally defaulted unless he could show "cause" for his failure to object and "actual prejudice" resulting from the allegedly faulty jury selection. United States v. Frady, 456 U.S. 152, 167 (1982). The court concluded that he had failed to do so.
 
 
 4
 This appeal followed.
 
 II
 
 5
 Crockett challenges the district court's denial of his motion on procedural default grounds, and also seeks to raise for the first time an ineffective assistance of counsel claim. We take these in turn.
 
 
 6
 * At Crockett's trial, the district court chose jurors from a master list of forty-seven veniremen, and told the attorneys that "I will be picking generally from the front part of the list. I am not pinning it down, but it will be generally from the front part of the list." After this statement, Crockett's lawyer exercised nine of his ten peremptory challenges from the top part of the list, but the judge decided to start from the middle of the list instead, so that only one of Crockett's peremptory challenges affected the group from which the judge selected.
 
 
 7
 At this point, Crockett's counsel could have objected to the judge's method of jury selection, but he declined to do so even after the judge specifically asked counsel if there were any objections to the panel as chosen. Crockett also failed to raise this issue on appeal, though the panel decision in United States v. Ricks, 776 F.2d 455 (4th Cir.1985) (later upheld en banc, 802 F.2d 731 (4th Cir.1986)), which found reversible error in the use of the procedure, came out seven months before Crockett's brief on appeal was due.
 
 
 8
 In United States v. Frady, the Supreme Court held that when a defendant has failed to raise an objection at trial and on direct appeal, he has waived that objection for Sec. 2255 purposes unless he can show "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. Therefore, regardless of whether Crockett has a valid claim under Ricks, unless he can satisfy the Frady "cause" and "actual prejudice" standard he has waived his right to raise the claim in a Sec. 2255 motion.
 
 
 9
 Crockett suggests that if given an evidentiary hearing he could make a showing of cause for failing to object to the jury selection at trial or on appeal. First, he argues that he could demonstrate that any objection by trial counsel would have been futile, because the judge presiding at his trial, who was also the trial judge in Ricks, had consistently used this method of jury selection, and had ignored any objections to it. Even if this were true, this would not constitute cause for not raising and preserving the issue for appeal. See Fed.R.Crim.P. 51. Although Ricks had not yet been decided, counsel in that very case had objected to this method of jury selection, and the Ricks appeal was pending. The issue was therefore not a closed one, as other counsel demonstrably had earlier realized. As we stated in a recent case, "[t]he law is often in a state of flux. The mere fact that certain legal principles are unsettled does not deprive a competent attorney of a 'reasonable basis' for asserting a claim." United States v. Gaylor, 828 F.2d 253, 256-57 (4th Cir.1987) (appellant's Sec. 2255 claim denied in part because he could not show good cause for failing to assert his challenge to a state conviction at a Dangerous Special Offender hearing). In any event, Crockett's counsel could have sought to raise this issue on his appeal after Ricks was decided, but did not do so.
 
 
 10
 Because the lack of cause for this double default was evident from the motion papers, no evidentiary hearing on the motion was required, see Rules Governing Section 2255 Proceedings, Rule 8(a). The district court therefore did not err in denying the Sec. 2255 motion on procedural default grounds on the basis that Crockett had failed to show cause for the default.
 
 
 11
 In view of this determination, we need not address the question of whether Crockett was entitled to an evidentiary hearing to attempt to prove prejudice from the claimed error.
 
 B
 
 12
 Crockett's claim of ineffective assistance of counsel similarly fails at this point. It was not raised in the district court on the Sec. 2255 motion, and under those circumstances we will not consider it in the first instance on appeal. See United States v. Colon-Padilla, 770 F.2d 1328, 1334 n. 6 (5th Cir.1985) (court refuses to consider on appeal a claim of ineffective assistance of counsel not presented to district court either at trial or on Sec. 2255 motion); see also Garcia v. United States, 492 F.2d 395, 398 (10th Cir.1974).
 
 III
 
 13
 In sum, we find that Crockett has waived his right to a Sec. 2255 claim based on improper jury selection. Crockett has not shown "cause" for his failure to raise the issue at trial and on direct appeal. Because Crockett did not raise his ineffective assistance of counsel claim until this appeal, we need not consider it. We therefore affirm the judgment of the district court.
 
 
 14
 AFFIRMED.