# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

No. 19-51017
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROWELL FLORA, *also known as* CARANTO ROWELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-641-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Rowell Flora appeals his guilty plea convictions and two consecutive 240-month sentences for distribution and receipt of child pornography. Flora argues that the district court erred in denying his motion to dismiss the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

indictment for lack of subject matter jurisdiction due to a supposed violation of 18 U.S.C. § 1385, known as the Posse Comitatus Act (PCA).

A valid, enforceable appeal waiver does not bar a defendant from arguing on appeal that the district court lacked jurisdiction over his case, because subject matter jurisdiction cannot be waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). Such arguments are reviewed de novo. *See United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014). A violation of the PCA does not divest a district court of subject matter jurisdiction, so we need not consider whether such a violation occurred. *See United States v. Hartley*, 796 F.2d 112, 114-15 (5th Cir. 1986); *United States v. Wolffs*, 594 F.2d 77, 85 (5th Cir. 1979). In the instant case, the indictment charged Flora with offenses against the United States in language similar to that used by the relevant statutes. *See* 18 U.S.C. § 371; 18 U.S.C. § 2251(a); 18 U.S.C. § 2252A(a)(2), (a)(5)(B). Thus, the district court had jurisdiction over Flora's case. *See Isgar*, 739 F.3d at 838; 18 U.S.C. § 3231.[1]

Flora also seeks to challenge the procedural and substantive reasonableness of his aggregate 480-month sentence. Although he acknowledges that he waived the right to appeal his sentence in his plea agreement, he contends that the appeal-waiver provision is unenforceable because he was never advised of the district court's statutory authority to impose consecutive sentences. The Government responds that the appeal-waiver provision is valid and seeks its enforcement.

The record reflects that Flora was advised at rearraignment that he had a right to appeal his convictions and sentences and that he was waiving

---

[1] Further, the district court's jurisdiction was not precluded by a military court's concurrent jurisdiction. *See United States v. Hodge*, 487 F.2d 945, 946 (5th Cir. 1973) (per curiam).

No. 19-51017

the right to appeal as part of his plea agreement. *See United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005). The fact that Flora was not specifically advised at that time of the district court's statutory authority to run his sentences consecutively,[2] does not render his appeal waiver unenforceable. *See* 18 U.S.C. § 3584(a); *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 1997). Accordingly, Flora's challenges to his sentences are barred by the appeal waiver in his agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *McKinney*, 406 F.3d at 746.

AFFIRMED.

---

[2] We note that he was advised several times thereafter of the potential of consecutive sentences and never raised any objections or sought to withdraw his plea.